659 F.Supp.2d 1371 (2009)
In re: BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION.
Maria Martinez De Delgado, et al.
v.
Bridgestone Americas Tire Operations, LLC, et al., C.D. California, C.A. No. 2:09-4607.
Conrado Quezada,
v.
Bridgestone Americas Tire Operations, LLC, et al., C.D. California, C.A. No. 2:09-5180.
No. MDL 1373.
United States Judicial Panel on Multidistrict Litigation.
December 8, 2009.
*1372 Before JOHN G. HEYBURN, II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., and DAVID G. TRAGER, Judges of the Panel.

ORDER VACATING CONDITIONAL TRANSFER ORDER
JOHN G. HEYBURN, II, Chairman.
Before the entire Panel: Plaintiffs in these two actions move, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the actions to the Southern District of Indiana for inclusion in MDL No. 1373. Defendants Bridgestone Americas Tire Operations, LLC, and Bridgestone Americas, Inc., oppose the motions to vacate. Their opposition is justified based on our past decisions in this docket. These two Central District of California actions unquestionably share factual issues with the actions previously centralized in MDL No. 1373 and concern the type of tire encompassed by the pretrial proceedings in MDL No. 1373.
Multidistrict litigation is not static, however. The Panel created MDL No. 1373 in October 2000. Over the past nine years, we have transferred over 820 cases to the Southern District of Indiana for centralization within MDL No. 1373. In fact, we recently transferred a case in November of this year. By now, however, the work of the transferee court has reached an advanced stage. All common discovery was completed in the transferee district. Judge Sarah Evans Barker has made many well considered and useful rulings on procedural, substantive and evidentiary issues. As a consequence of her productive efforts, only twelve cases remain pending in the transferee district.
Over the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks. The point of diminishing benefit in tag-along transfers is never absolutely clear. After a certain point, however, the benefits of transfer should not be assumed to continue. This is a concern which, in close consultation with transferee judges, we intend to give closer attention. This is appropriate and necessary for the Panel to continue meeting the worthy goals of Section 1407.
Based on our review of the progress of this litigation and our consultation with the transferee judge, we conclude that inclusion of these two actions in MDL No. 1373 is no longer necessary to achieve the just and efficient conduct of the litigation. See 28 U.S.C. § 1407(a). We see no reason why the parties in subsequent actions, subject *1373 to the same conditions as those imposed on parties to the MDL, should not be able to avail themselves of the documents and depositions accumulated under Judge Barker's supervision of MDL No. 1373. Moreover, the judges presiding over subsequent actions can almost certainly find useful guidance in Judge Barker's many evidentiary and other rulings. Thus, even absent transfer, most of the benefits of the MDL are available to expedite resolution of the subject actions.
IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-88" is vacated.